IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR GULLEY, ) | |
| ) | |
| Plaintiff, ) | No. 10 C 1807 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MARKOV & KRASNY ASSOCIATES, P.C.,[1] ) | |
| ) | |
| Defendant. ) | |

## AMENDED MEMORANDUM OPINION AND ORDER

Pro se plaintiff Victor Gulley filed an eight-count amended complaint against defendant Markov & Krasny, P.C., a third-party debt collector, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, et seq. ("FDCPA"). Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Defendant has also moved for reasonable attorneys' fees. For the following reasons, the court grants defendant's motion to dismiss and denies its motion for reasonable attorneys' fees.

## BACKGROUND

The following facts come from the amended complaint, and for purposes of evaluating defendant's motion to dismiss, the court accepts them as true. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995). The court also takes judicial notice of matters in the public record, without converting the motion to dismiss to a motion for summary judgment. GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997).

---

[1] In the complaint, plaintiff named Markov & Krasny, P.C. as defendant. Process was served, however, on Markoff & Krasny, an Illinois partnership, which according to defendant is the proper title of the party against which plaintiff's allegations are directed.

Plaintiff is the former owner of a parcel of real estate in Chicago, Illinois.  On March 11, 2008, he conveyed title to a third party.  The City of Chicago, defendant's client, leveed four separate fines relating to the property.  Whether plaintiff owned title in the property at the time the fines were leveed is unclear, and in any case irrelevant to the resolution of this suit.  The City hired defendant to collect payment of these fines.  Defendant registered City of Chicago Administrative Judgments for collection with the Circuit Court of Cook County, Municipal Division, First District.[2]  Defendant took steps to collect the judgment amounts from plaintiff, including having plaintiff's bank personal bank account frozen and sending three letters to plaintiff requesting that the judgments against him be paid.  Plaintiff replied to the letters, asserting that the FDCPA prohibited defendant from further contacting him.  Plaintiff then filed the instant lawsuit.

---

[2]  The case numbers and violations for the four Administrative Judgments are as follows:

- 2009 M1 651279, registering a judgment for $4,340.00 in municipal fines against plaintiff for failing to secure and maintain a vacant building and failing to provide a watchman for the property.

- 2009 M1 654224, against plaintiff for the same violation, and in the same amount as, 2009 M1 651279.

- 2009 M1 655694, registering a judgment for $492.75 in municipal fines against plaintiff for failure to pay a City debt.

- 2009 M1 655704, against plaintiff for the same violation, and in the same amount as, 2009 M1 655694.

**DISCUSSION**

I.      **Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citations omitted). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. The Seventh Circuit has emphasized that even though Twombly "retooled federal pleading standards" and "retired the oft-quoted Conley formulation," notice pleading is still all that is required. Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). Its allegations must also plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555.

The court construes a pro se litigant's complaint liberally, Haines v. Kerner, 404 U.S. 519, 521 (1972), but pro se litigants are not excused from compliance with the rules of procedure. See Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008), citing McNeil v. United States, 508 U.S. 106, 113 (1993). A pro se complaint fails to satisfy the notice pleading

requirement of Fed. R. Civ. P. 8(a) if the complaint does not even hint at a plausible right to relief. Killebrew v. St. Vincent Health, Inc., 295 F. App'x 808, 810 (7th Cir. 2008).

**II.     Defendant's Motion to Dismiss**

Defendant argues plaintiff has failed to state a claim under the FDCPA, and that therefore his suit should be dismissed. The court agrees.

The FDCPA protects consumers from abusive, deceptive, and unfair debt collection practices by prohibiting certain methods of debt collection. Berman v. GC Svcs. Ltd. P'ship., 146 F.3d 482, 484 (7th Cir. 1998). The protections the FDCPA offers, however, are circumscribed by the statute's unambiguous definition of "debt" as:

> Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.[3]

To determine whether an obligation to pay is a "debt" as contemplated by the FDCPA, the court first determines whether the obligation arises out of a consensual transaction in which the parties negotiated or contracted for consumer-related goods. Berman 146 F.3d at 484. If it does, the court then determines whether the debt was owed for a personal, family, or household purpose. Id.

In the instant case, the four administrative judgments against plaintiff arise out of fines for violations of the Chicago Municipal Code. Plaintiff has failed to plead facts that raise a plausible inference that his resulting obligation to pay the City of Chicago arose from a consensual transaction. Nor could he; by definition, a fine is a monetary penalty imposed for a

---

[3] 15 U.S.C. § 1692a(5); see Williams v. Allocated Bus. Mgmt., LLC, No. 10 C 1711, 2010 WL 2330371, at *1 (N.D. Ill. June 8, 2010) ("The operative notion here is, clearly enough, that of a consumer debt.").

violation of a law or ordinance, not a consensual transaction. Further, plaintiff's claim that defendant is "attempting to collect a debt that is not owed" undermines any contention that the debt was the result of a consensual transaction. Plaintiff did not consent to the debt, and continues to dispute its validity.

Plaintiff urges the court to use a broader, common-sense definition of "debt" that would include his obligation to pay fines, but the court cannot ignore its well-established duty to "enforce congressional intent embodied in the plain wording of the statute." Bass v. Stopler, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1325 (7th Cir. 1997). Here, Congress's intent is evident by the section of the Act limiting the scope of "debt" to "any obligation . . . of a consumer to pay money arising out of a transaction . . . ." 15 U.S.C. § 1692a(5). Because the judgments underlying plaintiff's monetary obligations arise from nonconsensual municipal fines rather than consensual transactions, plaintiff cannot state a claim under the FDCPA. Defendant's motion to dismiss is granted.

### III. Defendant's Motion for Reasonable Attorneys' Fees

Defendant requests that the court award it "reasonable attorneys' fees in defending against this meritless action." The FDCPA allows for the recovery of attorneys' fees in defending a suit only if the plaintiff's action "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). The court finds no evidence that plaintiff brought his claims in bad faith or with intent to harass, especially when taking his pro se status into account, and defendant does not advance any such argument. Rather, the dismissal of plaintiff's case is based on an interpretation of statutory language, which does not reflect bad faith or an intent to

5

harass. <u>Villareal v. Snow</u>, No. 95 C 2484, 1997 WL 116801, at *3 (N.D. Ill. March 12, 1997).

Defendant's motion for reasonable attorneys' fees is denied.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiff's claim is granted, and defendant's motion for reasonable attorneys' fees is denied.

**ENTER:** April 26, 2011

**Robert W. Gettleman**
**United States District Judge**